**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| | * | |
| **BLUE BIRD, LLC,** | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | Case No.: RWT 09cv3168 |
| | * | |
| **ERIN SIMPSON,** *et al.* | * | |
| | * | |
| Defendants. | * | |
| | * | |

**MEMORANDUM OPINION**

For the reasons set forth below, the Court will dismiss Count V (false advertising in violation of the Maryland Consumer Protection Act) and Count VI (civil conspiracy) of the complaint and grant Plaintiff leave to file an amended complaint.

**PROCEDURAL HISTORY**

Plaintiff Blue Bird, LLC filed a complaint as well as a Motion for Temporary Restraining Order and Preliminary Injunction[1] in the Circuit Court for Montgomery County, Maryland on or about November 10, 2009 against Defendants Erin Simpson, Michael Simpson, and Winter Rock, LLC.  *See* Paper Nos. 2 & 3.  The action was subsequently removed to this Court.  *See* Paper No. 1.

On December 3, 2009, Defendants filed an answer to the complaint.  *See* Paper No. 9. One month later, Defendants filed a Motion for Judgment on the Pleadings as to Counts V and VI of the Complaint under Fed. R. Civ. P. 12(c).  *See* Paper No. 17.  Defendants argue that Count V must be dismissed because (i) commercial competitors do not have standing to bring a claim under the Maryland Consumer Protection Act, Md. Code Ann., Com. Law §§ 13-101, *et seq.*,

---

[1] Plaintiff withdrew its motion on February 4, 2010.  *See* Paper No. 26.

and (ii) Subtitle 7 of Title 11 of the Commercial Law Article, Md. Code Ann., Com. Law §§ 11-701, *et seq.,* does not create a private cause of action. *See id.* at 2-5. Defendants further assert that Count VI must be dismissed because Maryland does not recognize the tort of "civil conspiracy." *See id.* at 5-6.

In its Opposition to Defendant's motion for judgment on the pleadings, Plaintiff concedes that Count V does not state a cause of action and abandons Count VI. *See* Paper No. 20.

However, on January 25, 2010, Plaintiff filed a Motion for Leave to File First Amended Complaint, requesting leave to assert a claim under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). *See* Paper No. 19. Plaintiff asserts that the facts alleged in Count V of the original complaint support a claim under the Lanham Act. *See id.*

Defendants filed an opposition to Plaintiff's motion on February 1, 2010, arguing that amendment would be futile because the proposed first amended complaint fails to identify, as required to state a claim under the Lanham Act, any statement that is either false on its face or likely to mislead and confuse customers. *See* Paper No. 23; *see also Scotts Co. v. United Indus. Corp.*, 315 F.3d 264, 272-73 (4th Cir. 2002). Defendants also assert that any amendment would be prejudicial. *See* Paper No. 23

Plaintiff subsequently filed a Reply in support of its motion to amend. *See* Paper No. 30.

## **STANDARD OF REVIEW**

A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is decided under the same standard as a motion to dismiss under Rule 12(b)(6). *See Walker v. Kelly*, 589 F.3d 127, 139 (4th Cir. 2009). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570

(2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.  "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" – "that the pleader is entitled to relief."  *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

When more than twenty-one days have elapsed since an answer was served, leave of court is required for plaintiff to amend its complaint without defendant's consent.  *See* Fed. R. Civ. P. 15(a).  "The court should freely give leave [to amend] when justice so requires," *see* Fed. R. Civ. P. 15(a)(2), unless "the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Steinburg v. Chesterfield County Planning Comm'n*, 527 F.3d 377, 390 (4th Cir. 2008) (quotation marks and citation omitted).  Amendments that plainly cannot survive a motion to dismiss are futile.  *See Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995); *Frank M. McDermott, Ltd. v. Moretz*, 898 F.2d 418, 420-21 (4th Cir. 1990); *Classen Immunotherapies, Inc. v. King Pharms., Inc.*, 403 F. Supp. 2d 451, 459 (D. Md. 2005).  However, some district courts within the Fourth Circuit have deferred consideration of the merits until they are fully briefed, granting motions to amend where the proposed amendments are not clearly frivolous. *See, e.g.*, *Belton v. Dodson Bros. Exterminating Co.*, No. 1:09CV106, 2009 U.S. Dist. LEXIS 91773, at *3 (M.D.N.C. Sept. 30, 2009) ("It is often a better exercise of the court's discretion . . . and a conservation of judicial resources, to leave decisions on the merits with respect to motions to amend until the matter has been fully briefed in a motion to dismiss.").

## ANALYSIS

Count V must be dismissed because it has been abandoned by Plaintiff, *see* Pl.'s Opp'n at 1, and Count VI must be dismissed because it fails to state a claim, *see* Defs.' Mot. for J. on the Pleadings at 5-6 (observing that "[i]t is very old law in Maryland that there is no free standing tort for 'civil conspiracy'"); Pl.'s Opp'n at 1 (conceding that Count VI does not support a cause of action).   Accordingly, the Court shall grant Defendants' Motion for Judgment on the Pleadings as to Counts V and VI of the Complaint (Paper No. 17).

However, the Court shall grant Plaintiff leave to file an amended complaint.  Count V of the proposed first amended complaint alleging a claim under the Lanham Act is not obviously futile.   Whereas the Court might readily ascertain from the face of a proposed amended complaint whether a claim is barred, for example, by the statute of limitations, *see United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000), or failure to exhaust administrative remedies, *see Zhang v. Science & Tech. Corp.*, 332 F. Supp. 2d 864, 868 (D. Md. 2004), the Court cannot under the circumstances here so easily determine whether Plaintiff's claim that Defendants made false or misleading representations in a commercial advertisement is frivolous.   The Court declines to weigh in on the sufficiency of the complaint without the benefit of adequate briefing on the issues.

Moreover, the proposed amendment would not prejudice Defendants.  Count V of the original complaint alleged false advertising, albeit under a different statute, putting Defendant on notice of any such claims.   In addition, because Plaintiff has withdrawn its Motion for Temporary Restraining Order and Preliminary Injunction, *see* Paper No. 26, and the March 22, 2010 hearing has been cancelled, *see* Paper No. 29, any amendment will not necessitate expedited discovery that might have otherwise prejudiced Defendants.

Accordingly, the Court shall grant Plaintiff's Motion for Leave to File First Amended

Complaint (Paper No. 19).

A separate Order follows.


February 23, 2010                          _____/s/_____
Date                                       Roger W. Titus
                                           United States District Judge